APPEAL,CLOSED,EGPL,WMRLC1

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CRIMINAL DOCKET FOR CASE #: 1:26−cr−00002−TRJ All Defendants

Case title: USA v. Burkhalter

Date Filed: 01/21/2026

Date Terminated: 08/17/2026

---

Assigned to: Judge Tiffany R. Johnson

**Defendant (1)**

**Todd Burkhalter**
*TERMINATED: 08/17/2026*

represented by

**Allison Cobham Dawson**
Federal Defender Program Inc. − Atl
Centennial Tower
101 Marietta Street, NW
Suite 1500
Atlanta, GA 30303
404−688−7530
Fax: 404−688−0768
Email: allison_dawson@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Thomas L. Hawker**
Federal Defender Program Inc. − Atl
Centennial Tower
101 Marietta Street, NW
Suite 1500
Atlanta, GA 30303
404−688−7530
Fax: 404−688−0768
Email: thomas_hawker@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1343 and 2 FRAUD BY WIRE, RADIO, OR TELEVISION (1) | IMPRISONMENT: TWO HUNDRED AND FORTY (240) MONTHS. SUPERVISED RELEASE: THREE (3) YEARS. Special Assessment: $100. Restitution: $233,777,763.82. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

**USA** represented by

**Alex R. Sistla**
Office of the United States Attorney−ATL600
Northern District of Georgia
600 United States Courthouse
75 Ted Turner Dr., S.W.
Atlanta, GA 30303
404−581−6000
Fax: 404−581−6181
Email: alex.sistla@usdoj.gov
*TERMINATED: 04/21/2026*
*Designation: Retained*

**Kelly Kathleen Connors**
Office of the United States Attorney−ATL600
Northern District of Georgia
600 United States Courthouse
75 Ted Turner Dr., S.W.
Atlanta, GA 30303
404−581−4639
Email: kelly.connors@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 01/08/2026 | 4 | MOTION for Transportation and Subsistence Expenses by Todd Burkhalter. (djs) (Entered: 01/22/2026) |
| 01/08/2026 | 5 | ORDER : IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 4285, that the United States Marshal provide TODD BURKHALTER with transportation and subsistence |

| | | |
|---|---|---|
| | | expenses from St. Petersburg, Florida to Atlanta, Georgia for said purpose. Signed by Magistrate Judge Regina D Cannon on 1/8/2026. (djs) (Entered: 01/22/2026) |
| 01/21/2026 | 1 | INFORMATION as to Todd Burkhalter (1) count(s) 1. (djs) (Entered: 01/22/2026) |
| 01/21/2026 | 2 | WAIVER OF INDICTMENT by Todd Burkhalter (djs) (Entered: 01/22/2026) |
| 01/21/2026 | 3 | Minute Entry for proceedings held before Magistrate Judge Catherine M. Salinas: INITIAL APPEARANCE, ARRAIGNMENT, PLEA of NOT GUILTY as to Count 1, Bond Hearing held and Bond set as to Todd Burkhalter for $50,000. (Tape #FTR) (djs) (Additional attachment(s) added on 1/22/2026: # 1 Plea with Counsel) (djs). Modified on 1/22/2026 (djs). (Entered: 01/22/2026) |
| 01/21/2026 | 6 | Unsecured Bond Entered as to Todd Burkhalter in amount of $ 50,000. (djs) (Entered: 01/22/2026) |
| 01/21/2026 | 7 | ORDER Setting Conditions of Release as to Todd Burkhalter. Signed by Magistrate Judge Regina D Cannon on 1/21/2026. (djs) (Entered: 01/22/2026) |
| 01/21/2026 | | ORAL MOTION Extend to Sentencing Date by USA as to Todd Burkhalter. (djs) (Entered: 01/22/2026) |
| 01/21/2026 | 8 | Minute Entry for proceedings held before Judge Tiffany R. Johnson: Change of Plea hearing held on January 21, 2026. Defendant was sworn, advised of rights, and a guilty plea was entered as to the Sole Count of the Information pursuant to a plea agreement. Guilty Plea and Plea Agreement filed in open court. The Court accepted the plea as knowingly and voluntarily entered. The Government made an Oral Motion to Extend the Sentencing Date. The motion was GRANTED. The parties were ORDERED to file a Status Update by 2/20/26. Sentencing will be docketed separately. The parties were ORDERED to file Sentencing Memos 3 business days prior to the Sentencing date. (Attachments: # 1 Guilty Plea and Plea Agreement) (Court Reporter Shannon Welch) (djs) (Entered: 01/22/2026) |
| 01/21/2026 | | PLEA of GUILTY by Todd Burkhalter (1) Guilty Count 1 (djs) (Entered: 01/23/2026) |
| 02/02/2026 | | NOTICE OF HEARING as to Todd Burkhalter. Sentencing set for 6/11/2026 at 02:00 PM in ATLA Courtroom 1707 before Judge Tiffany R. Johnson. (bmr) (Entered: 02/02/2026) |
| 04/21/2026 | 9 | Certification of Consent to Substitution of Counsel for USA as to Todd Burkhalter. Kelly Kathleen Connors replacing attorney Alex R. Sistla. (Connors, Kelly) (Entered: 04/21/2026) |
| 05/05/2026 | 10 | Unopposed MOTION to Continue Sentencing by Todd Burkhalter. (Dawson, Allison) (Entered: 05/05/2026) |
| 05/11/2026 | | ORDER by docket entry only granting 10 Motion for Continuance of Sentencing as to Todd Burkhalter (1). Sentencing set for 8/14/2026 at 10:00 AM in ATLA Courtroom 2106 before Judge Tiffany R. Johnson. Parties are ORDERED to notify the Courtroom Deputy as to the number of witnesses and estimated length of testimony no later than close of business on 8/10/26. Signed by Judge Tiffany R. Johnson on 5/11/26. (bmr) (Entered: 05/11/2026) |
| 06/30/2026 | | NOTICE: Effective immediately, all communications to Judge Tiffany R. Johnson's chambers should be directed to 404−215−1590 or TRJ_CRD@gand.uscourts.gov. (bgt) (Entered: 06/30/2026) |

| | | |
|---|---|---|
| 08/05/2026 | 11 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Todd Burkhalter. (Attachments: # 1 Supplement Government, # 2 Supplement defense)(Martin, Sandra) (Entered: 08/05/2026) |
| 08/10/2026 | 12 | Sentencing Memorandum as to Todd Burkhalter filed by Todd Burkhalter (Attachments: # 1 Exhibit A)(Dawson, Allison) (Entered: 08/10/2026) |
| 08/14/2026 | 13 | Minute Entry for proceedings held before Judge Tiffany R. Johnson: Sentencing hearing held as to Todd Burkhalter. See J&C for details. Hearing Concluded. (Court Reporter Shannon Welch) (adg) (Entered: 08/14/2026) |
| 08/17/2026 | 14 | JUDGMENT AND COMMITMENT as to Todd Burkhalter (1), Count(s) 1, IMPRISONMENT: TWO HUNDRED AND FORTY (240) MONTHS. SUPERVISED RELEASE: THREE (3) YEARS. Special Assessment: $100. Restitution: $233,777,763.82 ($229,479,885.66 joint and several, up to $630,000, with Julie Edwards; and $4,297,878.16 joint and several with David Bradford (see Sheet 7)) Signed by Judge Tiffany R. Johnson on 8/17/2026. −−Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist−− (djs) (Additional attachment(s) added on 8/19/2026: # 1 Spreadsheet 1, # 2 Spreadsheet 2) (ane). (Entered: 08/17/2026) |
| 08/28/2026 | 15 | NOTICE OF APPEAL of 14 Judgment and Commitment as to Todd Burkhalter. Transcript Order Form due on 9/11/2026 (Dawson, Allison) Modified on 8/28/2026 to update text (pjm). (Entered: 08/28/2026) |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

TODD BURKHALTER

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:26-CR-002-TRJ
USM Number: 35948-512

Allison Cobham Dawson and Thomas L. Hawker
Defendant's Attorney

**THE DEFENDANT:**

The defendant pleaded guilty to count ONE.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | January 21, 2026 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

August 14, 2026
Date of Imposition of Judgment

Signature of Judge

TIFFANY R. JOHNSON, U.S. DISTRICT JUDGE
Name and Title of Judge

August 17, 2026
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **TWO HUNDRED AND FORTY (240) MONTHS.**

The court makes the following recommendations to the Bureau of Prisons: that the Defendant be allowed to serve his sentence at FCI Coleman in Sumterville, Florida.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

________________________________________

________________________________________

________________________________________

________________________________________

________________________________________

Defendant delivered on ____________________ to ______________________________

at __________________________ with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

______________________________
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **THREE (3) YEARS.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check if applicable)*

4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.
5. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk, and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature ______________________ Date ______________

USPO's Signature ______________________ Date ______________

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information. The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must pay any ordered financial penalties in accordance with the Schedule of Payments sheet of the Judgment. Payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the Clerk, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303. Any balance that remains unpaid at the commencement of the term of supervision shall commence within 60 days after release from imprisonment on the following terms: payable at a rate of no less than $250 monthly to U.S. District Court Clerk. You must notify the Court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties as provided below. All criminal penalties shall be due immediately. Payments must be made to the Clerk of Court, United States District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turnder Drive SW, Atlanta, Georgia 30303.

**Special Assessment**

TOTAL $100.00

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court waives the fine and cost of incarceration in this case.

**Fine**

TOTAL $0

**Restitution**

TOTAL $233,777,763.82 ($229,479,885.66 joint and several, up to $630,000, with Julie Edwards; and $4,297,878.16 joint and several with David Bradford (*see* Sheet 7))

**Names of Payees (See Sealed Spreadsheets #1 and #2 provided by the U.S. Attorney's Office.**

%

**It is Ordered that the Clerk of Court credits the defendant's restitution obligation with payments made to victims in connection with distributions made by the Receiver in the civil enforcement proceeding, *SEC v. Drive Planning, et al.*, 1:24-cv-3583-VMC (N.D. Ga.). It is the responsibility of counsel, for the defendant and the United States to ensure that the Clerk of Court receives timely notification of amounts paid out by the Receiver that should be credited towards the balances owed to particular victims. Collections received outside of the SEC civil enforcement proceeding shall be credited to the victims on a prorated basis unless otherwise instructed.**

The court determined that the defendant does not have the ability to pay interest and it is ordered that: The interest requirement is waived for the restitution.

Judgment in a Criminal Case
Sheet 6 -- Schedule of Payments

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A. ☑ Lump sum payment of $233,777,763.82 due immediately, balance due:
☐ not later than _____, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B. ☐ Payment to begin immediately (may be combined with: ☐ C, ☐ D, or ☐ F below): or

C. ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ days *(e.g., 30 or 60 days)* after the date of this judgment; or

D. ☑ Payment in equal monthly *(e.g., weekly, monthly, quarterly)* installments of $250 to commence **60 days** after release from imprisonment to a term of supervision; or

E. ☐ Payment during the term of supervised release will commence within _____ days *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F. ☑ Special instructions regarding the payment of criminal monetary penalties:

You shall make restitution payments from any wages you may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

David Bradford, Case No. 1:25-CR-475-TRJ **$4,297,878.16**

Julie Edwards, Case No. 1:26-cr-60-TRJ **$630,000**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TODD BURKHALTER | CRIMINAL DOCKET CASE #:<br>1:26-CR-002-TRJ |

NOTICE OF APPEAL

Notice is hereby given that TODD BURKHALTER, respectfully appeals his conviction and sentence imposed by the Honorable Tiffany R. Johnson, on August 17, 2026 in the United States District Court for the Northern District of Georgia to the Eleventh Circuit Court of Appeals.

Dated this 28th day of August, 2026.

Respectfully submitted,

/s/ *Allison C. Dawson*
Allison C. Dawson
STATE BAR NO. 171940
Attorney for TODD BURKHALTER

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
allison_dawson@fd.org